FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 21 2011

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**CORY NIXON, RICKY EARLS,**
**MICHAEL HEARING, and BUD TRAMMELL**
**EACH INDIVIDUALLY AND ON BEHALF**
**OF OTHERS SIMILARLY SITUATED**                                   PLAINTIFFS

vs.               Case No. 4:11-CV-0578 BRW

**COSTNER EXCAVATING, INC.,**                                       DEFENDANTS
**d/b/a COSTNER GAS AND OIL FIELD SERVICES,**
**and RHETT COSTNER, individually and**
**as Owner/Manager of Costner Excavating, Inc.**

This case assigned to District Judge Wilson
and to Magistrate Judge Ray

## COMPLAINT

COME now Plaintiffs Cory Nixon, Ricky Earls, Michael Hearing and Bud Trammell, each individually and on behalf of others similarly situated, by and through their attorneys Holleman & Associate, P.A., and for their Complaint against Defendants Costner Excavating, Inc., d/b/a Costner Gas and Oil Field Services, and Rhett Costner, individually and as Owner/Manager of Costner Excavating, Inc., (hereinafter collectively referred to as "Costner") do hereby state and allege as follows:

### I.    INTRODUCTION, JURISDICTION AND VENUE

1.     Plaintiffs and those similarly situated seek an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 215, 216(b) and 217.

2.     Jurisdiction of this action is conferred on the Court by 29 U.S.C. §§ 216(b), 217; 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Venue lies within the district, pursuant to 28 U.S.C. § 1391.

3. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter referred to as "FLSA").

## II.    THE PARTIES

### A.    DEFENDANTS

4. Defendant Costner Excavating, Inc., d/b/a Costner Gas and Oil Services, is a domestic corporation and was the Plaintiffs' employer for all relevant time periods. For all of the similarly situated employee Plaintiffs, Costner Excavating, Inc., is currently or was their employer within the meaning of the FLSA, 29 U.S.C § 203(d). The registered agent for Costner Excavating, Inc., is Rhett Costner whose address is 925 Batesville Blvd., Batesville, Arkansas 72501.

5. Defendant Rhett Costner is an individual residing in Independence County, Arkansas, and was the owner/manager of Costner Excavating, Inc., for all relevant time periods. Mr. Costner was the Plaintiffs' employer for all relevant time periods. For all of the similarly situated employee Plaintiffs, Mr. Costner is currently or was their employer within the meaning of the FLSA, 29 U.S.C § 203(d). Mr. Costner may be served at his place of business at 925 Batesville Blvd., Batesville, AR 72501.

### B.    PLAINTIFFS

#### i.    PLAINTIFFS GENERALLY

6. Each Plaintiff herein is presently and/or was, at some time since July 21, 2008, an hourly employee serving Costner in one or more of a variety of positions.

7. At all times relevant to this Complaint, each Plaintiff was properly classified as an hourly employee and therefore non-exempt from the overtime requirements of the FLSA.

8. At all times relevant to this Complaint, each Plaintiff worked for Costner driving

commercial equipment within the State of Arkansas. At no time relevant to this Complaint did the Plaintiffs drive commercial vehicles outside of the State of Arkansas on behalf of Costner, nor were they subject to being sent out of state as part of their employment. The materials hauled by Plaintiffs as part of their job duties at Costner did not enter into the stream of commerce outside the State of Arkansas.

9. Each Plaintiff brings this action on behalf of himself or herself and on behalf of all other Costner employees, whether past, present or future, who are or were classified as hourly employees and as such were, are or will be non-exempt from the overtime requirements of the FLSA, but who are not compensated in accordance with applicable laws.

10. Each Plaintiff was generally made to work far in excess of forty (40) hours per week, sometimes even as many as 90 or more hours in a week, but was not paid for all hours worked.

    ii.    **NAMED PLAINTIFFS**

11. Plaintiff Cory Nixson is a resident and citizen of White County, Arkansas. At all times relevant to this lawsuit, he was employed by Costner. He was hired by Costner in sometime in 2007 as a dump truck driver until he was terminated in June of 2011. At all times relevant to this lawsuit, he was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

12. Plaintiff Ricky Earls is a resident and citizen of Brittany, Ascension Parrish, Louisiana. At all times relevant to this lawsuit, he was employed by Costner. He was employed by Costner as a dump truck driver for a period of time within the three years prior to the filing of this Complaint. At all times relevant to this lawsuit, he was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

13. Plaintiff Michael Hearing is a resident and citizen of Boone County, Arkansas. At all

times relevant to this lawsuit, he was employed by Costner. He was employed by Costner as a dump truck driver for a period of time within the three years prior to the filing of this Complaint. At all times relevant to this lawsuit, he was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

14. Plaintiff Bud Trammell is a resident and citizen of Craighead County, Arkansas. At all times relevant to this lawsuit, he was employed by Defendant Costner. He was employed by Costner as a dump truck driver for a period of time within the three years prior to the filing of this Complaint. At all times relevant to this lawsuit, he was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

### III.   FACTUAL ALLEGATIONS

15. Costner is a gas and oil field service company performing excavating services at oil and gas well sites throughout the State of Arkansas.

16. Plaintiffs and those similarly situated primarily drive dump trucks to and from the sites where Costner is performing its excavating services, hauling scrap and waste from the well sites to various dumping sites around the State. Costner requires Plaintiffs and those similarly situated to work a tremendous number of hours, frequently 80-90 or even far more each week.

17. Costner requires each Plaintiff to report to its yard where the dump trucks and other equipment are kept at a scheduled time each morning. As part of their job duties, Plaintiffs and those similarly situated are required to make as many trips to and from the well sites and the dumping site as time permits each day. At the end of the day, Plaintiffs are required to return to Costner's yard before leaving work for the day. Plaintiffs and those similarly situated are not compensated for all of their time and travel. Specifically, Costner does not compensate Plaintiffs for their trips from the dumping site back to Costner's yard each day.

18. The well sites and the dump sites between which Plaintiffs traveled as part of their job duties were all located within the State of Arkansas.

19. Plaintiffs job duties did not affect the safety of interstate commerce, as their travel was entirely within the State of Arkansas, they were not subject to travel outside the State as part of their employment, and the materials they hauled did not leave the State in the stream of commerce.

20. Plaintiffs and those similarly situated from time to time confronted Costner about its practice of not fully paying them for all hours worked on many occasions.

21. Upon information and belief, Costner has been investigated by the Department of Labor for its violations of the FLSA as described above.

22. The violations previously plead are ongoing and continuing and the named Plaintiffs and those similarly situated should be awarded damages for a time period up to and including the day of the trial.

23. Costner has been notified on previous occasions, or should have known, about the violations of the FLSA. It has taken no action, despite demands and notice. Costner's actions are willful and are taken with knowledge that its acts violate the wage and hour provisions of the FLSA.

24. The unlawful policy followed by Costner has been in place for a period in excess of three (3) years and is in place at the present time.

### IV. COLLECTIVE ACTION ALLEGATIONS

25. Plaintiffs bring the Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), below, on behalf of all persons who were, are, or will be employed by Costner as a similarly situated hourly employees who are entitled to unpaid overtime, at any time within the applicable statue of limitations period, who have not been compensated for all hours worked in excess of forty (40) hours per work week.

26. The Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), as prospective members of the FLSA Collective Action are similarly situated to Plaintiffs and have claims that are similar to Plaintiffs' First Claim for Relief.

27. Questions of law and fact common to the collective action as a whole include, but are not limited to, the following:

    a. Whether Costner unlawfully failed and continues to fail to compensate FLSA Collective Action Plaintiffs and prospective FLSA Collective Action Plaintiffs for hours worked in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

    b. Whether Costner unlawfully failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

    c. Whether Costner's failure to pay overtime to the FLSA Collective Action Plaintiffs was willful within the meaning of FLSA;

    e. Whether Costner failed and continues to fail to maintain accurate records of actual time worked by the FLSA Collective Action Plaintiffs;

    f. Whether Costner failed and continues to fail to record or report all actual time worked by the FLSA Collective Action Plaintiffs; and

    g. Whether Costner failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the FLSA Collective Action Plaintiffs.

28. Plaintiffs and the FLSA Collective Action Plaintiffs are similarly situated and are subject to Costner's common practice, policy or plan of refusing to compensate all hours worked and refusing to pay overtime in violation of the FLSA.

29. The names and addresses of the FLSA Collective Action Plaintiffs are available from Costner, and notice should be provided to the FLSA Collective Action Plaintiffs *via* first class mail to their last known address as soon as possible.

30. The email addresses of many of the FLSA Collective Action Plaintiffs are available from Costner, and notice should be provided to the FLSA Collective Action Plaintiffs *via* email to their last known email address as soon as possible.

## V. CLAIM FOR RELIEF

**Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*,
Brought by Plaintiffs on Behalf of Themselves and all FLSA Collective Action Plaintiffs**

31. Plaintiffs, on behalf of themselves and all FLSA Collective Action Plaintiffs, re-allege and incorporate by reference Paragraphs 1 through 30 as if they were set forth again herein.

32. At all relevant times Costner has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

33. At all relevant times Costner has employed and/or continues to employ "employee[s]," including Plaintiffs and each of the prospective FLSA Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Costner has had annual gross operating revenues in excess of $500,000.00.00.

34. Plaintiffs in this action have signed Consent to Sue forms pursuant to Section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. By filing this Complaint, Plaintiffs consent to be collective action representatives, and other individuals will sign consent forms and join as plaintiffs on this claim in the future.

35. The FLSA requires Costner, as a covered employer, to compensate all non-exempt

employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

36. Plaintiffs and all FLSA Collective Action Plaintiffs are entitled to compensation for all hours worked.

37. Plaintiffs and all FLSA Collective Action Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

38. At all relevant times Costner, pursuant to its policies and practices, failed and refused to compensate Plaintiffs and the FLSA Collective Action Plaintiffs for work performed in excess of forty (40) hours per week.

39. At all relevant times Costner, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Collective Action Plaintiffs for their hours worked in excess of forty (40) hours per week.

40. At all relevant times Costner has engaged, and continues to engage, in a willful policy, pattern, and/or practice of requiring or permitting its non-exempt, hourly employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, to perform work in excess of forty (40) hours per week.

41. At all relevant times the overtime work performed by Costner's non-exempt employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, was and continues to be required or permitted by Costner, for the benefit of Costner, and is directly related to such employees' principal employment with Costner, and is an integral and indispensable part of such employees' employment with Costner.

42. Costner violated and continues to violate the FLSA, 29 U.S.C. § 201, *et seq.*,

including 29 U.S.C. §§ 207(a)(1) and 215(a), by failing to pay FLSA Collective Action Plaintiffs for all hours actually worked and by failing to pay FLSA Collective Action Plaintiffs at least one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201, *et seq.*

43.     The FLSA imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the prospective FLSA Collective Action Plaintiffs, Costner has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a). These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201, *et seq.*

44.     As a result of Costner's violations of law, FLSA Collective Action Plaintiffs are entitled to recover from Costner the amount of their unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

45.     At all times relevant to this Complaint, Costner's conduct was and is governed by the FLSA, including its anti-retaliation provision. That provision provides that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this [act], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

46. Plaintiffs, by their participation in this action, have engaged in protected activity as defined and governed by the FLSA.

## VI. SUMMARY

47. In Count One (1) of Plaintiffs' complaint, Plaintiffs ask the Court to enter a declaratory judgment, declaring that Costner has willfully and wrongfully violated its statutory obligations, and deprived Plaintiffs and those similarly situated of their rights, protection and entitlements under law as alleged in Plaintiffs' complaint.

48. Plaintiffs further request the Court to enter a permanent injunction, restraining and preventing Costner from withholding the compensation that is due to Plaintiffs and those similarly situated and from further violating their rights under the law.

49. Plaintiffs further request the Court to enter a permanent injunction, restraining and preventing Costner from engaging in retaliatory and discriminatory conduct towards Plaintiffs and other similarly situated employees, that it be restrained from engaging in such conduct against other employees who participate herein or are called to testify herein, and to restrain such conduct of Costner if other employees complain of wage and hour violations as such rights are protected under the law.

50. Plaintiffs further request that the Court order a complete and accurate accounting of all the compensation to which Plaintiffs are entitled as well as provide a complete listing of the names, addresses and email address of all those employees who are similarly situated as described above.

51. Plaintiffs further request that this Court award them monetary damages in the form of back-pay compensation, liquidated damages equal to their unpaid compensation, plus interest. This will be for the named Plaintiffs and all Plaintiffs similarly situated.

52.     Plaintiffs further request this Court to award whatever damages and fines are deemed necessary by the Court to prohibit and correct Costner's retaliatory and discriminatory conduct as directed towards the Plaintiffs and other similarly situated employees; for their fees and costs associated in pursuit and in response to the retaliatory and discriminatory conduct of the Costner; and all other just and proper relief to which they may be entitled herein based upon such retaliatory and discriminatory conduct of the Costner.

53.     Plaintiffs further ask that the Court to award them attorney fees, and their costs and expenses and disbursements in pursuing this cause of action for the named Plaintiffs and all those similarly situated.

## VII.     DEMAND FOR JURY TRIAL

54.     Plaintiffs demand a trial by jury upon all issues herein.

WHEREFORE, premises considered, Plaintiffs Cory Nixon, Ricky Earls, Michael Hearing, and Bud Trammel, each individually and on behalf of other similarly situated persons pray that Costner be summoned to appear and answer; this Court enter a temporary restraining order preventing the Costner or its agents or any other official, from terminating the employment of Plaintiffs and all Plaintiffs similarly situated until such time as this cause can be fully heard on its merits; further, that the Court enter an order restraining Costner from retaliating, discriminating, harassing or otherwise intimidating Plaintiffs and other similarly situated employees for their participation herein; that the Court enter a permanent injunction, restraining and preventing Costner from withholding the compensation that is due each of Plaintiffs and all Plaintiffs similarly situated and from further violating their rights under FLSA and other applicable laws; that the Court order a complete and accurate accounting of all the compensation to which Plaintiffs and all Plaintiffs similarly situated are entitled; that each Plaintiff and all Plaintiffs similarly situated be awarded

monetary damages in the form of back-pay compensation, liquidated damages equal to their unpaid compensation, plus interest; that the Plaintiffs and all Plaintiffs similarly situated specifically pray for a jury trial; that the Plaintiffs and all Plaintiffs similarly situated should have their attorneys fees paid by Costner as well as their expenses, costs and any disbursements required to bring this cause of action; and any other just and proper relief to which they may be entitled.

        Respectfully submitted,

        **CORY NIXON, RICKY EARLS,
MICHAEL HEARING
and BUD TRAMMELL, EACH
INDIVIDUALLY AND ON BEHALF OF
OTHERS SIMILARLY SITUATED**

        Chris Heil, ABN 92128
Lloyd "Tre" Kitchens, ABN 99075
THE BRAD HENDRICKS LAW FIRM
500 C Pleasant Valley Drive
Little Rock, AR 72227
Telephone (501) 588-0549
Facsimile (501) 661-0196

and

        HOLLEMAN & ASSOCIATE, P.A.
200 West Capitol Avenue, Suite 1620
Little Rock, AR 72201
Telephone: (501) 975-5040
Facsimile: (501) 975-5043

By: _____
John T. Holleman
AR Bar No. 91056
jholleman@johnholleman.net
Maryna O. Jackson
AR Bar No. 2009111
maryna@johnholleman.net
Amber R. Schubert
AR Bar No. 2009150
amber@johnholleman.net