IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CORY NIXON, *et al.*,
EACH INDIVIDUALLY and on BEHALF
of OTHERS SIMILARLY SITUATED                    PLAINTIFFS

vs                           4:11-CV-00578-BRW

COSTNER EXCAVATING, INC.,
d/b/a COSTNER GAS AND OIL FIELD SERVICES,
and RHETT COSTNER, individually and
as Owner/Manager of Costner Excavating          DEFENDANTS

### ORDER

Pending is Plaintiff's Motion to Compel (Doc. No. 19) and Defendant's Motion to Enlarge Time (Doc. No. 21). For the following reasons, Plaintiff's Motion is DENIED without prejudice and Defendant's Motion is GRANTED.

Both of these Motions arise out of the same set of facts. On November 8, 2011, Separate Plaintiff Cory Nixon ("Plaintiff) propounded his Interrogatories and Requests for Production of Documents on Separate Defendant Costner Excavating, Inc.("Defendant). Under Federal Rule of Civil Procedure 30, the deadline for responding was December 8, 2011. On December 7, 2011, Defendant served its responses to the Interrogatories and Requests for Production of Documents.[1]

On December 19, 2011, Plaintiff's counsel sent a letter to Defendant's counsel informing them that they failed to respond to 7 interrogatories and 23 requests for production and that Plaintiff deemed all objections waived.[2] On December 21, 2011, Defendant's counsel sent an e-mail to Plaintiff's counsel explaining that she "inadvertently sent an uncompleted draft of the responses."[3]

---

[1] Doc. No. 19, Ex. B.

[2] Doc. No. 19, Ex. C.

[3] Doc. No. 19, Ex. D.

Counsel attached the responses and objections she intended to send, which contained objections to 13 of the interrogatories and requests for production.[4]

### 1. Motion to Enlarge

On December 22, Defendant filed a Motion to Enlarge Time to Respond to Interrogatories and Requests for Production of Documents or to Excuse Failure to Object Due to Clerical Error (Doc. No. 21). In the Motion, Defendant's counsel explains that her failure to submit complete responses and objections to Plaintiff's Interrogatories and Requests for Production was due to a clerical error and that upon learning that an incomplete response had been sent, she promptly submitted the correct version. Defendant argues that "no delay or hardship [] has been worked upon the Plaintiffs by the relatively brief delay in Plaintiffs obtaining the correct responses."[5] I agree. I find that no prejudice has been suffered by Plaintiff.[6] Accordingly, Defendant's Motion to Enlarge is GRANTED.

### 2. Motion to Compel

Plaintiff filed a Motion to Compel (Doc. No. 19) on December 22, 2011, asking this Court to issue an Order compelling Defendant to fully and completely respond to the Interrogatories and Requests for Production that he did not timely object to in the December 7 responses. Based on my above findings, Plaintiff's Motion to Compel is DENIED without prejudice. If Plaintiff has a separate basis for supporting his Motion to Compel beyond his instant argument, he may file a separate motion.

---

[4] Doc. No. 19, Ex. E.

[5] Doc. No. 22.

[6] In their Response to Defendant's Motion to Enlarge, Plaintiffs admit that had counsel for Defendant asked for additional time to respond to discovery, they would have agreed.

## CONCLUSION

Therefore, Plaintiff's Motion to Compel (Doc. No. 19) is DENIED without prejudice and Defendant's Motion to Enlarge (Doc. No. 21) is GRANTED.

IT IS SO ORDERED this 6th day of January, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE