**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CORY NIXON,** *et al.,*
**EACH INDIVIDUALLY and on BEHALF
of OTHERS SIMILARLY SITUATED**                                    **PLAINTIFFS**


**vs**                                   **4:11-CV-00578 BRW**


**COSTNER EXCAVATING, INC.,
d/b/a COSTNER GAS AND OIL FIELD SERVICES,
and RHETT COSTNER, individually and
as Owner/Manager of Costner Excavating**                        **DEFENDANTS**

<u>ORDER</u>

Pending is Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 36)[1], Defendants'

Motion for Leave to File an Amended Answer (Doc. No. 52)[2], and Defendants' Motion to Defer

Ruling on Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 57).[3]

**1.      Defendants' Motion for Leave to File an Amended Answer.**

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to

amend] when justice so requires."  Plaintiffs argue that the Motion is brought "in bad faith, for

purposes of delay, and will result in prejudice to Plaintiffs."[4]  I disagree.  Defendants' Motion for

Leave to File an Amended Answer is GRANTED.  Defendants should file the Amended Answer

that is attached as Exhibit 1 to their Motion by 5:00 p.m., Thursday, April 26, 2012.

---

[1] Defendants filed a response (Doc. No. 53) and Plaintiffs replied (Doc. No. 67).

[2] Plaintiffs filed an objection (Doc. No. 62).

[3] Plaintiffs filed a response (Doc. No. 63).

[4] Doc. No. 62.

**2.      Plaintiffs' Motion for Partial Summary Judgment.**

Plaintiffs contend that "no genuine triable issue of material fact exists as to Plaintiffs'

non-exempt status under the Fair Labor Standards Act ('FLSA'), Defendants' liability under the

FLSA, and the willfulness of Defendants' violations of the FLSA."[1]  Defendants disagree, and

argue that Plaintiffs cannot establish that Defendant Costner is "an enterprise engaged in

commerce or the production of goods for commerce" for the purposes of the FLSA.[2]  They also

contend that even if Defendant Costner was engaged in interstate commerce, Plaintiffs are

exempt from the FLSA.[3]  Defendants also ask me to defer a ruling on Plaintiffs' Motion for

Partial Summary Judgment pending completion of discovery in this case.[4]

On April 6, 2012, I conditionally certified this case as a collective action.[5]  I provided a

deadline of 60 days -- June 5, 2012 -- for the putative plaintiffs to opt-in to the collective action.[6]

Based on this, I find that Plaintiffs' Motion for Partial Summary Judgment is premature.[7]  In

*Dege v. Hutchinson Technology, Inc.*, the court found that a motion for summary judgment was

---

[1] Doc. No. 36.

[2] Doc. No. 53.

[3] *Id*.

[4] Doc. No. 57.

[5] Doc. No. 45.

[6] *Id*.

[7] See *Dege v. Hutchinson Technology, Inc.*, No. 06-3754, 2007 WL 3275111, at *3 (D. Minn. Nov. 2, 2007).

premature and that "a determination on the merits would provide an unfair advantage to potential plaintiffs who may be waiting to determine whether to opt-in to the lawsuit."[8]

The situation in this case is similar to that in *Dege*.  At this stage of the litigation, discovery is not complete, the class status is still unresolved, and the deadline to opt-in has not expired.  Certainly a decision in Plaintiffs' favor would encourage more putative plaintiffs to opt-in.  Furthermore, Defendants may well seek to de-certify the collective action after discovery is complete.  Therefore, Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 36) is DENIED without prejudice.

## CONCLUSION

Based on my findings of fact and conclusions of law above, Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 36) is DENIED without prejudice; Defendants' Motion for Leave to File an Amended Answer (Doc. No. 52) is GRANTED; and Defendants' Motion to Defer Ruling (Doc. No. 57) is MOOT.  The Court will issue a new final scheduling order.

IT IS SO ORDERED this 24th  day of April,  2012.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[8] *Id*. at *3; *Cf Paxton v. Union Nat'l Bank*, 688 F.2d 552, 558 (8th Cir. 1982) (discussing that it is "rarely appropriate" to certify a class after making a decision on the merits of the case); *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1070 (D. Minn. 2008) (discussing the inherent unfairness of allowing a plaintiff to seek a ruling on the merits before seeking class certification thereby placing the potential class members in a "win-win situation" because " if the ruling goes against the named plaintiff, then others can opt out of the class and not be bound by that adverse decision, and if the ruling is favorable, then others can opt in to the class knowing that the defendant's liability has already been established.").