IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CORY NIXON**, *et al*.                                                                                     **PLAINTIFFS**

**v.**                              **Case No. 4:11-cv-0578-KGB**

**COSTNER EXCAVATING, INC.**, *et al*.                                               **DEFENDANTS**

**OPINION AND ORDER**

Before the Court is defendants' motion to dismiss separate defendant LaDonna Costner (Dkt. No. 141). Defendants have moved to dismiss plaintiffs' claims against Ms. Costner under Federal Rule of Civil Procedure (12)(b)(6) for failure to state a claim upon which relief may be granted. Plaintiffs have responded (Dkt. No. 147). For the reasons explained below, defendants' motion to dismiss plaintiffs' claims against Ms. Costner is denied (Dkt. No. 141).

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Specific facts are not required; the complaint simply must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, the complaint must include enough factual information to "provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56; *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). When ruling on a defendant's motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94; *see also Twombly*, 550 U.S. at 555-56.

The Court has reviewed the allegations in plaintiffs' third amended and substituted complaint (Dkt. No. 132) and the authorities cited by defendants in support of their motion. The

Court finds that plaintiffs have stated sufficient facts to put Ms. Costner on notice of the claims made against her. Specifically, plaintiffs allege that Ms. Costner as an "owner and/or manager" of Costner Excavating "had the authority to hire and fire employees" and to "set policies applicable to [employees], including policies regarding pay and other conditions of employment" (Dkt. No. 132, ¶¶ 67-68). Accepting as true all of the factual allegations contained in the third amended and substituted complaint, this Court concludes that defendants' motion to dismiss plaintiffs' claims against Ms. Costner must be denied.

SO ORDERED this 20th day of March, 2013.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE